UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD MONTGOMERY, :
:
    Petitioner, :
: Civ. No. 22-2578 (RBK)
v. :
:
WARDEN F.C.I. FAIRTON, : **OPINION**
:
    Respondent. :
:

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Petitioner, Richard Montgomery ("Petitioner" or "Montgomery"), is a federal prisoner currently incarcerated at F.C.I. Fairton, in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this Court administratively terminated this action because Petitioner had not paid the filing fee nor had he submitted an application to proceed *in forma pauperis*. (*See* Dkt. No. 2). Petitioner has now paid the filing fee such that the Clerk shall be ordered to reopen this case. For the following reasons, Petitioner's habeas petition is summarily dismissed.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Much of the factual and procedural background in Petitioner's case was recited by the United States District Court for the Northern District of West Virginia in a previously filed § 2241 case by Petitioner. That court explained the background of this case as follows:

> On June 17, 2008, a two-count information was filed against Petitioner in the United States District Court for the Western District of Texas. ECF No. 1. Petitioner signed a plea agreement on June 17, 2008 [ECF No. 7], and signed a waiver of indictment on June 18, 2008. ECF No. 12. A plea hearing was conducted by a Magistrate Judge on June 18, 2008 [ECF No. 10], and on that same

date, a memorandum and recommendation was entered recommending that the guilty plea be accepted. ECF No. 15. On September 21, 2009, Judgment was entered sentencing Petitioner to 178 months imprisonment on Count One and 84 months imprisonment on Count Two to be served consecutively. The sentence was to run concurrently with the sentences imposed in SA-95-CR-375 (1)-OLG and SA-97-CR-12 (1)-OLG with credit for time served while in custody. ECF No. 33.

Thereafter, Petitioner filed a *pro se* appeal with the Fifth Circuit on September 9, 2009. ECF No. 31. On appeal, Petitioner claimed that the government breached the plea agreement and that the district court plainly erred by imposing a career offender enhancement. After reviewing the plea agreement and the sentencing hearing transcript, the government agreed with Petitioner's requests that his convictions be vacated and that he be allowed to withdraw his guilty plea. Although the Government strongly disagreed with Petitioner's contention that the government impermissibly breached the plea agreement, a review of the plea agreement, the Rule 11 colloquy, and the sentencing hearing reflected that the parties had a material misunderstanding regarding the terms of the plea, namely, whether Petitioner would be sentenced as a career offender, and the likely sentence he would receive. The Government noted that this misunderstanding was evidenced, in part, by the sentencing hearing where both defense counsel and counsel for the government appeared to agree that Petitioner was a career offender warranting application of U.S.S.G. § 4B1.1 instead of U.S.S.G. § 2B3.1. However, as Petitioner argued, a plausible reading of the plea agreement appears to require the government to argue for application of U.S.S.G. § 2B3.1 regardless of the parties understanding at sentencing. Therefore, under these facts, the Government requested that Petitioner's convictions be vacated and that he be allowed to withdraw his guilty plea. Case 09-50809, Doc. 00511530396. On July 26, 2011, the Fifth Circuit granted the Government's unopposed motion to vacate the judgment of the District Court and remanded the case. Id. at 00511551099.

On September 13, 2011, a Superseding Indictment was returned against Petitioner charging him with three counts of Bank Robbery in violation of 18 U.S.C. § 2113 (Counts One, Three and Five) and three counts of Use of a Firearm in a Crime of Violence in violation of 18 U.S.C. § 924(c) (Counts Two, Four and Six). ECF No. 65. On July 19, 2012, Petitioner pleaded guilty to Counts Five and Six of the Superseding Indictment. On July 30, 2012, Petitioner was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 188 months on

Count Five and 84 months on Count Six to be served consecutively with credit for time served while in custody. ECF No. 139.

In support of his 2255 Motion, Petitioner argued that: (1) he was not indicted for the offenses he pleaded guilty to: (2) his conviction for carrying and use of a firearm was "constitutionally invalid" and inconsistent because he was also charged with unarmed bank robbery; (3) the indictment was constructively amended; (4) the superseding indictment and increase of a sentence were the result of prosecutorial vindictiveness; (5) his appeal waiver was invalid because he did not sign the amended plea agreement; (6) his counsel was ineffective for: coercing him to plead guilty, advising him to plead guilty when his plea was unknowing and involuntary, failing to challenge the firearm count as inconsistent with the unarmed bank robbery charge, and failing to object to constructive amendment of the indictment; and (7) the District Court erred in finding his prior convictions qualified for an upward departure where he did not admit to those offenses. ECF No. 172 at 1-2. On June 26, 2014, Orlando L. Garcia, United States District Judge denied and dismissed Petitioner's § 2255 motion. Id. at 5.
In reaching his decision, Judge Garcia found that in the Plea Agreement signed by Petitioner and his counsel, and at the plea hearing, Petitioner acknowledged he wished to plead guilty to bank robbery in violation of § 2113(a) and use of a firearm during a crime of violence in violation of § 924(c). Moreover, Petitioner acknowledged he understood the applicable penalty for the former offense was a maximum of 25 years, and for the latter offense was seven years to life imprisonment. Petitioner admitted that on June 5, 2008, he robbed the Laredo National Bank in San Antonio of approximately $3340 by threatening the teller with a .38 revolver. Petitioner affirmed he understood his sentence would be determined by the Court in accordance with the Sentencing Guidelines. He also acknowledged by pleading guilty he waived his right to appeal his sentence or challenge a sentence in a § 2255 motion. In exchange for Petitioner's guilty plea, the Government agreed not to oppose a reduction of the offense-level Guideline range for his acceptance of responsibility. Judge Garcia also noted that Petitioner's primary claim was that the bank robbery count failed to allege he was armed with a firearm, consequently, he argued that the indictment failed to allege an offense and his counsel was ineffective for failing to raise the issue. However, Judge Garcia noted that this issue was waived pursuant to the guilty plea, and in any event was without merit. Judge Garcia noted that the Indictment charged that on April 8, 2008, Petitioner engaged in bank robbery in violation of § 2113, when he "by force, violence and intimidation did take" approximately $3340.00 from

3

> the Laredo National Bank, a bank whose deposits are insured by the FDIC. Judge Garcia concluded that the Indictment gave Petitioner fair notice of the charge and tracked the language of the statute, and therefore stated a violation of § 2113 and satisfied due process. Finally, Judge Garcia found that Petitioner's claim that the court erred in finding his prior convictions qualified for an upward departure was procedurally barred because he could have raised this issue on a direct appeal. Moreover, Judge Garcia found that this claim was conclusory because he failed to present any facts that would support a claim that the Court erred, and thus he failed to state a claim under § 2255.
>
> On July 28, 2014, Petitioner filed a Notice of Appeal. ECF No. 178. On April 20, 2015, the Fifth Circuit denied petitioner's motion for a Certificate of Appealability. ECF No. 186.

*Montgomery v. Coakley*, No. 16-56, 2017 WL 1129980, at *1–3 (N.D.W. Va. Mar. 2, 2017) (footnote omitted), *report and recommendation adopted*, No. 16-56, 2017 WL 1129977 (N.D.W. Va. Mar. 24, 2017), *aff'd*, 696 F. App'x 625 (4th Cir. 2017).[1]

Petitioner then filed a § 2241 habeas petition in the Northern District of West Virginia where he was incarcerated at the time. Among some of issues raised in that habeas were the following: (1) whether Petitioner was convicted on two prior convictions upon which he was never indicted by the grand jury; and (2) Petitioner is actually innocent to the charges for which he pled. *See Montgomery*, 2017 WL 1129980, at *3. Ultimately, the Northern District of West Virginia found that Petitioner could not proceed under § 2241 because he had not demonstrated that § 2255 was an inadequate or ineffective remedy to proceed on his habeas claims. *See Montgomery*, 2017 WL 1129980 at *6. The United States Court of Appeals for the Fourth Circuit affirmed. *See Montgomery*, 696 F. App'x 625.

---

[1] As noted by the Northern District of West Virginia, the docket citations in describing the background of Petitioner's case in the above quoted language refers to Petitioner's underlying criminal case in the Western District of Texas, Crim. No. 08-387 unless stated otherwise. *See Montgomery*, 2017 WL 1129980 at *1 n.1.

Petitioner then filed another § 2241 habeas petition in this Court. *See Montgomery v. Young*, No. 18-17529, 2020 WL 859306 (D.N.J. Feb. 21, 2020). Ultimately, this Court denied Petitioner's § 2241 habeas petition as Petitioner failed to show that § 2255 was inadequate or ineffective to raise his claims.[2] *See Montgomery*, 2020 WL 859306, at *4

Thereafter, in March, 2022, Petitioner filed a motion for authorization from the United States Court of Appeals for the Fifth Circuit to file a second or successive § 2255 motion. In that motion, Petitioner asserted that "he is actually innocent because he was not indicted for the offenses for which he was convicted after [the Fifth Circuit] vacated his initial conviction and remanded the case to the district court and that his counsel was ineffective for failing to recognize this." (*See* Dkt. No. 1-1 at 3). The Fifth Circuit denied this request by Petitioner. (*See id.*).

Petitioner then filed another § 2241 habeas petition in this Court giving rise to this action. Petitioner asserts the Western District of Texas lacked jurisdiction to convict him for armed bank robbery and brandishing because he was never indicted on these charges and that he is actually innocent of these convictions because he was never indicted on those charges as well. (*See* Dkt. No. 1 at 6).

### III.     LEGAL STANDARD FOR *SUA SPONTE* SCREENING

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other

---

[2] Not relevant to this opinion, this Court did, however, transfer Petitioner's claim challenging his 18 U.S.C. § 924(c) conviction for use of a firearm as a crime of violence to the Fifth Circuit so it could consider it as Petitioner's attempt to raise a second or successive § 2255 motion. *See Montgomery*, 2020 WL 859306, at *4. In April, 2020, the Fifth Circuit denied Petitioner's request to file a second or successive § 2255 motion arising from this Court's transfer to that Court. *See In re: Richard Montgomery*, No. 20-50157, slip op. 1-2 (5th Cir. Apr. 14, 2020).

pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

IV.  DISCUSSION

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the

6

personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over this habeas petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Petitioner fails to state in his habeas petition that he falls within the narrow *Dorsainvil* exception. Indeed, he claims he pled guilty to charges for which he was not indicted for. He does not though claim he is actually innocent *as a result of a retroactive change* in substantive criminal law that negates the criminality of his conduct for which he had no other opportunity to review. Thus, this Court lacks jurisdiction over Petitioner's § 2241 habeas petition.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fifth Circuit to file a second or successive motion. *See* 28 U.S.C. § 2244(b)(3); *see also id.* § 2255(h). This Court finds it is not in the interest of justice to transfer this action to the Fifth Circuit. Indeed, as described above, the Fifth Circuit already rejected Petitioner's attempt to raise similar claims.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED: June 13, 2022                              s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge